UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-22-HAB |
| ) | |
| CHARLES TRANTER ) | |

**OPINION AND ORDER**

FCI Elkton is, by all accounts, a model for how not to run a prison during a pandemic. As of the date of this ruling, there are 360 active cases of COVID-19 among inmates at the facility, with nine inmate deaths. These numbers are surpassed in the BOP only by FCI Butner. *See* Federal Bureau of Prisons COVID-19 Statistics, https://www.bop.gov/coronavirus/. Earlier this year conditions deteriorated to the point that the United States District Court for the Northern District of Ohio ordered the BOP to identify medically vulnerable individuals and expedite their transfer from the facility, either to another facility or supervised release. *See Wilson v. Williams*, 2020 WL 1940882 (N.D. Ohio April 22, 2020), *vacated*, 961 F.3d 829 (6th Cir. 2020). FCI Elkton is not on anyone's list of must-visit places during summer 2020.

Against this backdrop, Charles Tranter, an inmate at FCI Elkton, filed an Emergency Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1) and Supporting Memorandum of Law (the "Motion"). (ECF No. 85). The United States Probation Office filed an Addendum to the Presentence Report (ECF No. 89) to provide additional information to the Court regarding Tranter's condition, his efforts at exhausting his administrative remedies, and his conduct while incarcerated. The Government has filed its Response to Defendant's Motion for Modification of Sentence (ECF No. 90). The matter is now ripe for review.

A.     **Tranter's Crime**

Tranter was charged via a two-count indictment with receipt of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Tranter was found to have accessed a computer network for the purpose of obtaining child pornography and, upon inspecting his computer and other forms of electronic media, investigators found 330 images and 60 videos depicting child pornography. These included images of sadistic sex with an infant and an image of an adult man urinating on the face of a female child.

Tranter pled guilty to the § 2252(a)(2) violation and was sentenced to 60 months imprisonment followed by a five-year term of supervised release. The term of imprisonment was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), as the plea agreement contained a binding plea. To date, Tranter has served less than a year of the agreed-upon sentence.

B.     **Legal Analysis**

The Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

2

> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Tranter, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further, and he has not done so here. In the Motion, Tranter alleges that he submitted a request for compassionate release on April 8, 2020, which was denied by the warden on May 1, 2020. As set forth in the Addendum to the Presentence Report, this denial gave rise to additional administrative review procedures whereby the denial could be reviewed at the regional and national levels. Arguably, this fact scenario raises several issues upon which this Court has yet to opine.

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, Tranter's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[1]

What this Court has yet to opine on is whether § 3582(c)(1)(A)'s exhaustion mandate requires defendants to exhaust all their administrative appeals of a warden's denial before filing a

---

[1] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

motion in the courts. *See United States v. Poindexter*, No. 7:12-CR-12, 2020 WL 3473655, at *2 (W.D. Va. June 25, 2020) ("If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP.") Likewise, this Court has declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the absence of clear precedent on exhaustion issues like these, this Court has repeatedly "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant in this case has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5. This case is no different.

The Defendant asserts that he has high risk factors for serious illness and death due to COVID-19, namely due to his weight (he is characterized as obese by BMI standards[2]) and his status as a former longtime smoker. He also relies on the conditions at FCI Elkton which, if anything, have only deteriorated since the filing of the Motion.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and

---

[2] Tranter represents that he is six feet three inches tall and weighs 265 pounds. This equates to a BMI of 33.1. With numbers in excess of 30 qualifying as obese, Tranter is obese by BMI standards, if only just.

the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

In this case, Tranter's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting his motion. Tranter has not articulated any medical condition that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19. Additionally, Tranter, 36, is not in an age category that would put him at increased risk for complications.

With respect to Tranter's obesity, obesity is a factor that puts an individual at an increased risk for severe illness from COVID-19. *See* CDC, People Who Are at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (July 7, 2020). However, Tranter's BMI alone provides little insight into his physical condition. BMI is a notoriously blunt tool with "clinical limitations," including its inability to differentiate between excess fat, muscle, and bone mass. *See* CDC, Body Mass Index: Considerations for Practitioners, https://www.cdc.gov/obesity/downloads/bmiforpactitioners.pdf (July 7, 2020). Tranter has identified no current medical issues resulting from his obesity, indicating to the Court that it has little adverse effect on his overall health.

The Defendant's status as a former smoker does not add much fuel to his argument. Once again, Tranter's status as a former smoker could put him at an increased risk for severe illness. But, once again, Tranter has identified no adverse health effects resulting from his smoking past. Moreover, Tranter's risk of disease from smoking drops every day he stays smoke-free, including his risk of heart and lung conditions. *See*, CDC, Health Effects of Cigarette Smoking, https://www.cdc.gov/tobacco/data_statistics/fact_sheets/health_effects/effects_cig_smoking/index.htm. (July 7, 2020).

It must also be pointed out that both of Tranter's alleged conditions are the result, at least in part, of poor life choices on his part. Tranter does not have a disease; he has the consequences of his decision to smoke and his apparent lack of physical activity. A finding that these kinds of conditions alone could support compassionate release, creating an avenue for defendants to create grounds on their own, would cheapen the concept of extraordinary and compelling circumstances.

As for his confinement, the Court has addressed the issues at FCI Elkton above. However, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Certainly, FCI Elkton finds itself on the end of the COVID-19 containment spectrum that weighs in favor of release. That being said, the Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited June 11, 2020); *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. Those efforts have seen 586 inmates recover from the virus, as well as all 50 of FCI Elkton's infected staff.

https://www.bop.gov/coronavirus/. FCI Elkton continues to have a COVID-19 problem, but its progress in fighting the virus, coupled with Tranter's lack of aggravating medical conditions, do not compel release.

Finally, with respect to the §3553(a) factors, the Court observes that Tranter has served less than one fifth of his agreed upon 60-month sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Tranter possessed large amounts of child pornography, depicting some of the most despicable images imaginable. While it is true that Tranter has a history of decorated military service, this was already taken into consideration by the Court in agreeing to the parties 60-month recommendation at sentencing. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release.

**C.     Conclusion**

For the foregoing reasons the Motion (ECF No. 85) is DENIED.

SO ORDERED on July 8, 2020.

   s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT